IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Lisa M., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 20-cv-50182 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Kilolo Kijakazi, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Lisa M., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. The parties have filed cross motions for summary judgment [17], [20]. For the reasons set forth below, Plaintiff's motion for summary judgment [17] is denied and the Commissioner's motion for summary judgment [20], is granted.

**BACKGROUND**

A. Procedural History

On October 11, 2016, Lisa M. ("Plaintiff") applied for Disability Insurance Benefits. R. 20. This application alleged a disability beginning on October 7, 2016. *Id.* The Social Security Administration ("Commissioner") denied her application on February 1, 2017, and upon reconsideration on June 19, 2017. *Id.* Plaintiff filed a written request for a hearing on June 22, 2017. *Id.* On May 15, 2019, a hearing was held by Administrative Law Judge ("ALJ") Robert C. Asbille where Lisa M. appeared and testified. Plaintiff was represented by counsel. *Id.* At the hearing, medical expert Larry Kravitz, Psy. D., appeared and testified, as did vocational expert Tobey Andre. *Id.*

On June 5, 2019, the ALJ issued his written opinion denying Plaintiff's claims for disability insurance benefits. R. 20-30. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [7]. Now before the Court are Plaintiff's motion for summary judgment [17] and the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [20].

B. The ALJ's Decision

In his ruling, the ALJ analyzed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since

---

[1] Kilolo Kijakazi has been substituted for Andrew Saul. Fed. R. Civ. P. 25(d).

1

the alleged onset date of October 7, 2016. R. 22. At step two, the ALJ found that Plaintiff had the following severe impairments: Crohn's disease/irritable bowel syndrome (IBS), obesity, carpal tunnel syndrome, major depressive disorder (MDD), post-traumatic stress disorder (PTSD), anxiety, and attention deficit hyperactivity disorder (ADHD). *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 83.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work but with the following limitations: she could never climb ladders, ropes, or scaffolds; frequent performance of postural and handling/fingering; she could understand, remember, and carry out simple instructions; she could not perform any fast paced tasks; she could have occasional contact with supervisors, co-workers, and the general public; she could adapt to routine changes in a work environment; and she would need to take extra bathroom breaks of 10-15 minutes twice a week. *Id*. At step four, the ALJ found that Plaintiff could not perform any past relevant work. R. 28. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including picker, laundry sorter, and inspector. R. 29. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from October 7, 2016, through the date of decision, June 5, 2019. R. 30.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is "more than a mere scintilla." *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. 2021). "Whatever the meaning of 'substantial' in other contexts, the Supreme Court has emphasized, 'the threshold for such evidentiary sufficiency is not high.'" *Id*. (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019)). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at * 7 (N.D. Ill. Feb. 27, 2013).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations and quotations omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility. [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citations and quotations omitted). *See also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff argues (1) the ALJ erred in his RFC determination with a mischaracterization of Plaintiff's hearing testimony, and (2) the ALJ erred by finding that Plaintiff's ability to perform limited activities of daily living "translated in" an ability to perform work at "substantial gainful activity" levels. The Court finds that the ALJ's determinations were supported by substantial evidence. Therefore, the decision is affirmed.

First, Plaintiff argues that the ALJ mischaracterized her testimony in making his determinations. Plaintiff argues specifically concerning her bathroom needs and how they would fit into a typical workday. In his decision, the ALJ noted that Plaintiff testified her Crohn's disease has been in remission since 1996. She testified that despite this, she still has IBS, has had to make multiple stops to use a bathroom on the way to work, and can be in the bathroom for 10 to 20 minutes at a time. R. 24. Plaintiff also testified that she uses the bathroom five time a day "on a bad day" and lies down to stretch her colon "probably two times a week." R. 24/51. However, the ALJ found that while Plaintiff's impairments could reasonably be expected to cause her alleged symptoms, he found her testimony concerning the intensity, persistence, and limiting effects of these symptoms not entirely consistent with the medical record. R. 24. The ALJ emphasized that Plaintiff admitted her Crohn's disease had been in remission for over 25 years, she has no fistulas or bleeding, and her IBS is triggered by overeating and has not changed in a year's time. The ALJ further stated that while Plaintiff complained of a need to use the bathroom five times a day on bad days, she did not testify how often she experienced bad days or how often she needed to use the bathroom on good days. The ALJ also noted that Plaintiff did not limit the "five times" to working hours (meaning she would be at her home for some of her bathroom breaks), and that a typical workday would include three break periods. R. 25. As noted above, the ALJ found Plaintiff's RFC to include taking extra bathroom breaks of 10-15 minutes twice a week.

As to the relevant medical record, the ALJ posited it was replete with evidence contradictory to Plaintiff's testimony and arguments. For example, an October 2016 office visit noted no evidence of active inflammatory bowel disease (IBD) and no medication therapy for Crohn's disease since 1996. R. 308-10. A colonoscopy 10 days later showed no evidence of active Crohn's disease. R. 306-07. A January 2017 medical visit noted Plaintiff had been off IBD therapy for several years; the record further noted no evidence of Crohn's disease. R. 930-32. The ALJ further noted September 2017 records indicating fatty liver disease with no symptoms related to Crohn's disease. R. 912-13. Plaintiff's April 2017 office visit indicated she was last seen in December of 2017 for irregular bowel habits. R. 1511. The April 2017 visit noted Plaintiff's pain was affected by meals and position and was unrelated to bowel movements; also, her bowel changes were triggered by fatty and greasy meals. R. 1511-12. This note also stated that Plaintiff's last colonoscopy in 2017 was unremarkable, an upper endoscopy with endoscopic ultrasound was normal apart from evidence of previous cholecystectomy and fatty infiltration of the liver, and Plaintiff had no signs of active Crohn's disease or evidence of persistent biliary disease. R. 1511-14. At that time, the medical professional noted: "Her symptoms have been closely associated with episodes of stress, and have generally improved with identification and avoidance of dietary triggers as well as improve control of her underlying depression with her current psychiatrist." R. 1514. The ALJ used these medical records to support his finding that the severity of Plaintiff's condition – as argued by counsel – was contradicted by extensive medical evidence. R. 25.

The Court agrees with the Commissioner that it is not that the ALJ mischaracterized or misinterpreted Plaintiff's testimony, but that he found her statements not entirely consistent with the medical evidence. The ALJ did, in fact, assess and address Plaintiff's subjective reports of her condition and symptoms; yet did not find them credible or reliable. The reviewing court's role in evaluating the ALJ's decision is limited: "We are not allowed to displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations…Even if reasonable minds could differ concerning whether [plaintiff] is disabled, we must nevertheless affirm the ALJ's decision denying the claims if the decision is adequately supported." *Elder*, 529 F.3d at 413 (citations and quotations omitted). *See also Barrett v. Saul*, 822 F. Appx. 493, 497 (7th Cir. 2020) (substantial evidence supported the ALJ's conclusion that plaintiff's complaints of pain were not entirely consistent with the record evidence). As noted above, the ALJ specifically noted Plaintiff's need to use the bathroom for extended intervals and her need to occasionally lie down to stretch her colon. He further noted that Plaintiff testified to her need to use the bathroom five times a day on a bad day and the requirement to stop on the way to work (in 2016) to use a bathroom. Consistent with 20 C.F.R. § 404.1529(c), the ALJ considered Plaintiff's statements concerning

3

her subjective symptoms and how these statements aligned with the objective medical evidence contained in the record. The Court will not disturb the ALJ's findings that Plaintiff's subjective symptoms were inconsistent with the medical record. *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018) ("the ALJ's credibility determination here was not patently wrong because the ALJ found [plaintiff] not fully credible for many specific reasons supported by the evidence"). Here, the Court finds that the ALJ properly assessed Plaintiff's subjective symptoms and reasonably found that these symptoms were inconsistent with the medical record. Plaintiff's argument that the ALJ mischaracterized her testimony resulting in an erroneous RFC determination is unavailing.

Plaintiff next argues that the ALJ erred in finding that Plaintiff's ability to perform limited activities of daily living "translated" to an ability to perform work at a "substantially gainful activity" level. Plaintiff points out that she testified she was able to grocery shop but would avoid the store during certain times of the day, avoided certain locations, and eventually pre-ordered groceries and picked them up. Plaintiff also would have family members assist her in housekeeping duties and on "bad depression days" would not do chores at all. [17], p. 6. Despite this testimony, the ALJ found that Plaintiff's performance of her activities of daily living was not consistent with being disabled. Plaintiff notes that activities of daily living do not always translate into an ability to perform full-time work. The Court does not disagree. *See Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013) ("We have repeatedly cautioned that a person's ability to perform daily activities, especially if that can be done only with signification limitations, does not necessarily translate into an ability to work full-time.").

However, as pointed out by the Commissioner, the ALJ found, based on Plaintiff's testimonial evidence and other evidence, that Plaintiff was able to, among other things, drive, make and keep her own appointments, cook, mow the lawn, assist her husband with his business, and help ready their home for sale. The Commissioner also argues that Plaintiff's argument is misplaced in that the ALJ did not equate Plaintiff's ability to perform daily activities to working full-time but concluded that Plaintiff's daily activities were inconsistent with her representation of the severity of her limitations. The Court agrees that "an ALJ may not equate activities of daily living with those of a full-time job. But an ALJ is not forbidden from considering statements about a claimant's daily life. In fact, agency regulations instruct that, in an assessment of a claimant's symptoms, the evidence considered includes descriptions of daily-living activity." *Jeske v. Saul*, 955 F.3d 583, 593 (7th Cir. 2020). Like *Jeske*, the Court finds that here the ALJ did not use Plaintiff's testimony concerning her activities of daily living to find that she could work full-time. Rather, the ALJ noted some of Plaintiff's activities of daily living "to determine whether her symptoms were as severe and limiting as she alleged." *Id.* at 593. In the instant case, the ALJ carefully and realistically considered Plaintiff's activities of daily living in order to assess her alleged symptoms. As recently noted by the Seventh Circuit, "it is entirely permissible to examine all of the evidence, including a claimant's daily activities, to assess whether testimony about the effects of [plaintiff's] impairments was credible or exaggerated." *Hahn v. Kijakazi*, No. 22-1106, 2022 WL 6628832, at *2 (7th Cir. Oct. 11, 2022) (citations and quotations omitted). Additionally, the ALJ did not "plac[e] undue weight" on these activities. *Craft v. Astrue*, 539 F.3d 668, 680 (7th Cir. 2008). The Court finds Plaintiff's argument regarding the ALJ's assessment of Plaintiff's activities of daily living misplaced.

Finally, the Court agrees with the Commissioner that Plaintiff has not pointed the Court to any medical evidence to support her contention that the ALJ's RFC determination failed to accommodate her limitations. Plaintiff relies solely on her testimony – her subjective symptoms – to argue that the ALJ committed an error of fact in determining in the RFC that Plaintiff only needed two additional bathroom breaks a week. However, the Court finds that the ALJ accepted Plaintiff's testimony concerning her symptoms and limitations and found them to be inconsistent with the medical record. After assessing and evaluating the entire record, the Court does not find the ALJ's reasoning "patently wrong" or unsupported and, therefore, declines to disturb the ruling. *Elder*, 529 F.3d at 413-14. As the Seventh Circuit has held: "[T]he ALJ need not provide a written evaluation of every piece of evidence…[W]e find that the ALJ

4

satisfies his minimal duty to articulate his reasons and make a bridge between the evidence and the outcome as to his [substantial evidence] determination." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004); *see also Brown v. Bowen*, 847 F.2d 342, 346 (7th Cir. 1988) ("It is enough if the ALJ indicates the path of decision…The administrative tribunal need not spell out every step in the reasoning, if it provides enough of the steps that the full course may be discerned."). Here, the ALJ did not base the decision on serious factual mistakes or omissions.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [17], is denied, and the Commissioner's motion for summary judgment [20], is granted.

Date: 04/28/2023                    ENTER:

_Margaret J. Schneider_
United States Magistrate Judge